# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

LAKEWOOD PIZZA COMPANY, LLC )
dba THE LOCAL PIZZERIA, )
                              )
Plaintiff, )
                              )       Case No. _____
   vs. )
                              )
RED CARPET LOUNGE, LLC )
d/b/a LAKEWOOD LOCAL, )
                              )
Defendant. )

## COMPLAINT

Plaintiff Lakewood Pizza Company, LLC dba The Local Pizzeria ("Plaintiff"), by and through undersigned counsel, hereby submits this Petition against Defendant Red Carpet Lounge, LLC dba Lakewood Local ("Defendant"), and in support states and alleges as follows:

## PRELIMINARY STATEMENT

1.       This is an action stemming from Defendant's unauthorized use of Plaintiff's trademark "THE LOCAL PIZZERIA" (the "Mark"). Specifically, Defendant, in bad faith and as part of a vendetta against Plaintiff's owner registered the domain name "thelocalpizzeria.com" (the "Domain Name"), which incorporates the Mark in its entirety. Defendant's registration and use of the Domain Name containing Plaintiff's Mark constitutes trademark infringement under 15 U.S.C. § 1125(a); unfair competition under 15 U.S.C. § 1125(a); and violation of the Anti-Cybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d). Similarly, Defendant's registration and use of the Domain Name containing Plaintiff's Mark constitutes trademark infringement and unfair competition under Missouri common law.

2.       Plaintiff seeks both monetary and injunctive relief.

1997814v1

**PARTIES**

3.      Plaintiff is a limited liability company organized and existing under the laws of the state of Missouri. Plaintiff's principal place of business is located at 805 NE Lakewood Blvd., Lee's Summit, MO 64064.

4.      Plaintiff operates a pizza restaurant which in addition to a variety of pizzas offers sandwiches, salads/sides, and gelato.

5.      Defendant is a limited liability company organized and existing under the laws of the state of Missouri. Defendant's principal place of business is located at 811 NE Lakewood Blvd., Lee's Summit, MO 64064.

6.      Defendant owns and operates a bar/restaurant known as Lakewood Local which is located in the same strip center as Plaintiff. While Lakewood Local offers pizza as one of its many food options, it is not primarily a pizza restaurant and, in fact, its best known for pub fare (*i.e.*, burgers, sandwiches, appetizers).

**JURISDICTION AND VENUE**

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this matter involves claims arising under federal law, including the Lanham Act (15 U.S.C. §§ 1051 et seq.) and the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

8.      This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located at 811 NE Lakewood Blvd., Lee's Summit, MO 64064.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Factual Background

10.     Plaintiff is a single-member LLC owned by Christopher J. Smith ("Smith").

11.     From 2020 to 2022, Smith was the primary manager of Lakewood Local and had a business relationship with Defendant's sole member and owner, Harry Singer ("Singer").

12.     In December of 2021, Smith announced plans to open a new restaurant in the same strip center as Lakewood Local called "The Local Pizzeria." At that time, Smith had numerous discussions with Singer and others involved in the ownership and/or operations of Lakewood Local.

13.     From December 2021-April 2023, Plaintiff began beginning building its business model and concepts, and began to informally announce its plans to open The Local Pizzeria within the surrounding area.

14.     In July 2022, Smith and Singer had a falling out and Smith officially separated from Lakewood Local in September 2022 after a contentious legal battle.

15.     After leaving Lakewood Local, Smith continued his work in developing The Local Pizzeria, including the interior buildout of the restaurant, all the while dealing with harassing and antagonistic behavior from Singer.

16.     In February 2023, in anticipation of an April grand opening, Plaintiff placed exterior signs at its restaurant clearly displaying the name "The Local Pizzeria".

17.     The Local Pizzeria officially opened for business in April 2023.

### Plaintiff's Use of the Mark

18.     Plaintiff has used the Mark in connection with its restaurant business throughout Lee's Summit and the surrounding area continuously since announcing plans to open The Local

Pizzeria in December 2021 and the Mark was clearly displayed in connection with its business since February 2023. Attached hereto as Exhibit A are samples of materials showing Plaintiff's use of the Mark in connection with its restaurant business.

19.     As a result of its widespread, continuous, and exclusive use of the Mark to identify Plaintiff's restaurant business, Plaintiff owns valid and subsisting federal statutory and common law rights to the Mark.

20.     Plaintiff's Mark is distinctive to both the consuming public and Plaintiff's trade.

21.     Plaintiff has expended substantial time, money, and resources creating, marketing, advertising, and promoting its restaurant under the Mark, including through signage, sponsorships, memorabilia and social media campaigns.

22.     As a result of Plaintiff's expenditures and efforts, the Mark has come to signify the goods and services provided by Plaintiff and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**Defendant's Unlawful Activities**

23.     After Plaintiff acquired protectable and exclusive rights in its Mark and almost two months after Plaintiff publicly displayed the mark at its restaurant location, Defendant registered the Domain Name incorporating Plaintiff's Mark **in its entirety**.

24.     Defendant is using the Mark to promote its own restaurant business because a consumer that enters the Domain Name online will be redirected to the website for Defendant's restaurant, lakewoodlocalkc.com.

25.     As a result, consumers that enter the Domain Name online with the intent to find the address for Plaintiff's restaurant, find the telephone number for Plaintiff's restaurant, or make

an online order with Plaintiff's restaurant will be unable to do so and will instead be redirected to a website promoting defendant's business, Lakewood Local.

26. Lakewood Local's website goes so far as to refer to itself as "#thelocalpizzeria." This particular web post was published on April 8, 2023, weeks after Plaintiff had clearly displayed the Mark at its business and approximately 16 months after Plaintiff announced its plans and the Mark to Defendant's owner and other individuals.

27. On June 8, 2023, Plaintiff's counsel sent a letter to Defendant objecting to Defendant's use of the Mark and demanding that Defendant transfer the Domain Name to Plaintiff.

28. To date, months later and after repeated demands, Defendant has refused to comply with the demand and cease its unauthorized use of the Mark.

## COUNT I
## Federal Trademark Infringement

29. Plaintiff incorporates the allegations contained in Paragraphs 1 through 27 as if fully stated herein.

30. Plaintiff has used and exercised valid trademark rights in its distinctive Mark.

31. Defendant's unauthorized use of the Mark as described herein is likely to deceive customers as to the origin, sources, sponsorship, or affiliation of Defendant's restaurant's goods and services, and is likely to cause consumers to believe that Defendant's restaurant is authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

32. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

33.     Defendant's conduct is causing immediate harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT II
### Missouri Common Law Trademark Infringement

34.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 32 as if fully stated herein.

35.     Plaintiff has used and exercised valid trademark rights in its distinctive Mark.

36.     Defendant's unauthorized use of the Mark as described herein is likely to deceive customers as to the origin, sources, sponsorship, or affiliation of Defendant's restaurant's goods and services, and is likely to cause consumers to believe that Defendant's restaurant is authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

37.     Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

38.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT III
### Federal Unfair Competition

39.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 37 as if fully stated herein.

40.     Plaintiff has used and exercised valid trademark rights in its distinctive Mark.

1997814v1

41.     Defendant's unauthorized use in commerce of the Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's restaurant's goods and services, and is likely to cause consumers to believe that Defendant's restaurant is authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

42.     Defendant's unauthorized use in commerce of the Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

43.     Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Plaintiff.

44.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

## COUNT IV
## Missouri Common Law Unfair Competition

45.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 43 as if fully stated herein.

46.     Plaintiff has used and exercised valid trademark rights in its distinctive Mark.

47.     Defendant's unauthorized use in commerce of the Mark as alleged herein has caused and will continue to cause the mistaken belief that Plaintiff and Defendant are the same business; that Defendant is an agent, affiliate, or associate of Plaintiff; or that Defendant's restaurant goods and services are produced, sponsored, or approve by Plaintiff.

48. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

**COUNT V**
**Anti-Cybersquatting Consumer Protection Act**

49. Plaintiff incorporates the allegations contained in Paragraphs 1 through 47 as if fully stated herein.

50. Plaintiff owns all rights in and to the Mark, which was strong and distinctive as of the date that Defendant registered the Domain Name.

51. Defendant registered, used, and trafficked in the Domain Name with an intent to profit from its confusing similarity to Plaintiff's Mark. Specifically, Defendant:

    (a) Registered the Domain Name despite knowing that Defendant had no rights in the Mark and was not known by the name that was referenced or reflected in the Domain Name;

    (b) Intended to divert consumers looking for Plaintiff's restaurant online to Defendant's website by exploiting the Domain Name and Plaintiff's Mark for Defendant's commercial gain and in retribution for prior business dealings/disputes between the parties;

52. Defendant's conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment against Defendant finding as follows:

1997814v1

8

1.      That Defendant's registration and use of the Domain Name containing Plaintiff's Mark constitutes trademark infringement under 15 U.S.C. § 1125(a); unfair competition under 15 U.S.C. § 1125(a); and violation of the Anti-Cybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d);

2.      That Defendant's registration and use of the Domain Name containing Plaintiff's Mark constitutes trademark infringement and unfair competition under Missouri law;

3.      That Plaintiff is entitled to injunctive relief and an award of actual damages, including Defendant's profits resulting from its illegal conduct, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

4.      That Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, requiring Defendant to transfer the Domain Name to Plaintiff or requiring Defendant to cancel registration of the Domain Name.

5.      That Plaintiff is entitled to recover its damages and Defendant's profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a). Alternatively, Plaintiff is entitled to maximum statutory damages in the amount of $100,000 for the Domain Name pursuant to 15 U.S.C. § 1117(d).

6.      That Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

SEIGFREID BINGHAM, P.C.

 /s/ Greg B. Whiston
Greg B. Whiston        MO #65271
2323 Grand Boulevard, Suite 1000
Kansas City, MO 64108
816.421.4460
816.474.3447 facsimile
gwhiston@sb-kc.com

# EXHIBIT A





