UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LAKEWOOD PIZZA COMPANY, LLC<br>d/b/a THE LOCAL PIZZERIA<br><br>v.<br><br>RED CARPET LOUNGE, LLC<br>d/b/a LAKEWOOD LOCAL | Case No. 4:24-cv-00277-BCW |

## MOTION TO DISMISS OF RED CARPET LOUNGE
## PURSUANT TO FED. R. CIV. P. 12(b)

Defendant Red Carpet Lounge ("Red Carpet" or "Defendant") by and through undersigned counsel, hereby responds to Plaintiff Lakewood Pizza Company, LLC's ("Lakewood Pizza") Complaint by seeking to dismiss the Complaint, pursuant to Fed. R. Civ. P 12(b).

### I. FACTUAL BACKGROUND

Plaintiff filed its Complaint, alleging, among other things that "Defendant . . . registered the domain name 'thelocalpizzeria.com.'" *See* Dkt. #1 at 1. Plaintiff also recognized that Defendant was previously owned by "Defendant's sole member and owner, Harry Singer ("Singer")." *Id.* at 3. Plaintiff also admits that it previously dealt "with harassing and antagonistic behavior from Singer." *Id.*

As explained herein, Mr. Singer, or Mr. Singer's Estate is wholly responsible for the registration and operation of the domain name. *See* Exhibit A, LeVota Affidavit. However, Mr. Singer's estate is not a named party in this litigation. This Motion follows.

1

## II. LEGAL STANDARD

*1. Fed. R. Civ. P. 12(b)(7)*

Rule 12(b)(7) allows dismissal of a lawsuit for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "Rule 19 provides for joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). "The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit." *Id.* at 439. Rule 19(a) calls for joinder of parties if:

> 1) in the person's absence complete relief cannot be accorded among those already parties, or
> 2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> > i) as a practical matter impair or impede the person's ability to protect that interest or
> > ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

*See* Fed. R. Civ. P. 19(a). Once a party is determined to be required, Rule 19(b) provides four factors that courts are to consider in deciding "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). These factors are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Two Shields v. Wilkinson*, 790 F.3d 791, 798 (8th Cir. 2015) (citing Fed. R. Civ. P. 19(b). The Court may consider materials other than the pleadings in determining whether nonjoinder of a party warrants dismissal. *United States ex rel. Century Ready Mix Corp. v. N. Am. Speciality Ins. Co.*, No. 08-1046, 2009 U.S. Dist. LEXIS 18796, at *3 (W.D. Ark. Mar. 11, 2009) (*citing Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480, n.4 (7th Cir. 2001)).

*2. Fed. R. Civ. P. 12(b)(6)*

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

A court tasked with addressing a motion to dismiss under Rule 12(b)(6) must decide if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility generally requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "not akin to a 'probability requirement,' … it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A plaintiff must do more than provide "threadbare recitals of the elements of a cause of action" to satisfy his obligation to state the grounds of his entitlement to relief. *Id.*

### III. ARGUMENT

**A. This Case Should be Dismissed Pursuant to Rule 12(b)(7) Because Plaintiff Did Not Include a Necessary Party**

The Affidavit of Phil LeVota explains that Defendant does not have any control over the domain name thelocalpizzeria.com. *See generally* Exhibit A. Mr. LeVota explains that "Red Carpet has never registered the domain name thelocalpizzeria.com." *Id.* at ¶ 6. "Red Carpet has never owned the domain name thelocalpizzeria.com." *Id.* at ¶ 7. "Red Carpet has never operated

3

the domain name thelocalpizzeria.com." *Id.* at ¶ 8. Thus, "even if Plaintiff succeeded in its claims,[1] Red Carpet would have no ability to cede, modify, or otherwise control the domain name at issue." *Id.* at ¶ 15.

Not only was Defendant never the owner or operator of the domain name, but Mr. LeVota's affidavit explains that "Since this filing, Plaintiff has been in contact with the estate of Harry Singer and Plaintiff now owns the website in question and there is no further dispute on a forwarding of this website to anywhere but Plaintiff's business." *Id.* at 13. Mr. LeVota also explains that "Plaintiff has not dismissed the action even though the issue has been resolved." *Id.* at 14.

In sum, Plaintiff failed to include a necessary party in its initial complaint. Then, with the domain name issue already resolved, the Plaintiff failed to notify the Court of this fact, or amend the Complaint. Dismissal is appropriate pursuant to Rule 12(b)(7).

**B. Plaintiff's Failure to State a Claim**

Plaintiff's Complaint must be also be dismissed for numerous additional reasons:

*1. Count I for "Federal Trademark Infringement" Must be Dismissed*

Plaintiff has not alleged any particular statute that has purportedly been infringed by Defendant, and Defendant accordingly cannot understand the allegations against it. If Plaintiff alleges that 15 U.S.C. § 1114 is the applicable statute, such a claim must fail. A "party must be a 'registrant' in order to bring a claim under § 1114." *Hallmark Indus. v. Hallmark Licensing, LLC*, No. 4:18-CV-00236-DGK, 2018 U.S. Dist. LEXIS 221270, at *8 (W.D. Mo. Aug. 14, 2018) (*citing Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72 (2d Cir. 2013) (holding cause of action under § 1114 is available only to 'registrants' of the trademarks at

---

[1] Defendant disputes that Plaintiff has any viable claim for relief and will defend on the merits if and when such defense becomes necessary.

issue) (other citations omitted). Plaintiff has not alleged that it is the registrant of any particular trademark registration, and Defendant is not aware of any registration. This claim must be dismissed.

*2. Count II for Missouri Common Law Trademark Infringement*

Plaintiff makes no mention of any statute or applicable common law, does not describe the elements of the claim, and does not provide any specific allegations as to the Defendant's conduct. Moreover, again, Plaintiff does not demonstrate the ownership of any particular trademark rights. The Plaintiff's claim must be dismissed.

*3. Count III for Federal Unfair Competition*

Again, Plaintiff makes no mention of any particular statute, does not describe the elements of the claim, and does not provide any specific allegations as to the Defendant's conduct. Count III must be dismissed.

*4. Count IV for Missouri Common Law Unfair Competition*

Yet again, Plaintiff makes no mention of any particular statute, does not describe the elements of the purported claim, and does not provide any specific allegations as to the Defendant's conduct. Count IV must be dismissed.

*5. Count V for Anti-Cybersquatting Consumer Protection Act*

As explained in detail above, Defendant has never owned, operated or administered "thelocalpizzeria.com." Moreover, Plaintiff's allegations "that Defendant registered the Domain Name," and "Defendant registered, used, and trafficked in the Domain Name" is inaccurate, and Plaintiff is aware that the allegations are false. *See* Dkt. #1 at 8. This claim must be dismissed.

5

Case 4:24-cv-00277-BCW   Document 8   Filed 09/03/24   Page 5 of 7

### C. Defendant is Entitled to Attorney's Fees

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Sunearth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (*citing Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)).

In this case, Plaintiff filed a Complaint against a party that it knew was not the owner of the domain name in question. Even after the domain name was apparently acquired by Plaintiff, Plaintiff did not notify the Court, amend the Complaint, or otherwise make efforts to correct an improper course of action. Defendant is appropriately awarded its fees.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss this matter, with prejudice, and allow Defendant to file a Motion for Costs and Fees within 21 days of the date of dismissal.

* * *

Respectfully submitted,

/s/Eric J. Menhart
Eric J. Menhart, Esq.*
Lexero Law
80 M St SE Ste 100
Washington, DC 20002
Phone: (855) 453-9376 x.101
Fax: (855) 453-9376

* Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

      I hereby certify that on the date of this filing, a copy of the foregoing was served on Plaintiff's counsel via the Court's ECF system.

/s/Eric J. Menhart
Eric J. Menhart